# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2806

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Rufus Raglin Stelivan, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  March 13, 2001

Filed:  March 22, 2001

_____

Before RICHARD S. ARNOLD and FAGG, Circuit Judges, and MONTGOMERY,[*]
District Judge.

_____

PER CURIAM.

When Arkansas state police officers arrested Rufus Raglin Stelivan in 1995, the officers seized $2700 in cash. Stelivan was notified personally and by publication of state court forfeiture proceedings, but he failed to contest the matter, and the cash was forfeited to the state in 1996. No federal forfeiture proceedings were ever initiated. After the state court forfeiture, Stelivan brought this federal action seeking the money's

_____

[*]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota, sitting by designation.

return. The district court[**] found $960 of the forfeited cash belonged to Stelivan, but concluded the state forfeiture complied with state law and the Due Process Clause, and thus the district court lacked jurisdiction over the restitution action. Stelivan appeals. "[O]nly one court may have jurisdiction over the res in an in rem proceeding." Madewell v. Downs, 68 F.3d 1030, 1041 n.13 (8th Cir. 1995). Thus, the first court, whether state or federal, to acquire jurisdiction over forfeited money maintains jurisdiction to the exclusion of all other courts. See id. Here, the state court acquired primary jurisdiction in the state court forfeiture proceedings, so the federal district court lacked jurisdiction to return it. See id. Stelivan asserts the district court issued an improper advisory opinion about the $960 and the adequacy of state notice. We disagree. The district court's findings and conclusions merely showed the state had obtained primary jurisdiction over the money. We affirm the district court's dismissal for lack of jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

_____

[**]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.